# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAIME M. BURKE, | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV0537 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
|    Defendant. | : |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Jaime M. Burke has appealed under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), a final Decision by the Commissioner denying his application for disability insurance benefits and Supplemental Security Income payments.

The plaintiff argues that substantial evidence does not support either the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") formulation, or the ALJ's finding at Step 5 that jobs that the plaintiff could perform exist in significant numbers. The plaintiff supports this argument with the assertion (1) that the RFC did not account for the time the plaintiff would be off-task and (2) that the hypothetical person relied on in Step 5 was not analogous to the plaintiff, who would be off task due to an inability to focus or concentrate. Pl.'s Mem. to Reverse (Doc. No. 19-1) at 12-15.

The Commissioner argues that the plaintiff fails to credibly establish limitations that would cause him to be off task 10 percent or more of the workday and that the RFC and the ALJ's conclusion that light work exists is supported by substantial evidence. See Def.'s Mem. to Affirm (Doc. No. 22) at 8.

For the reasons set forth below, the ALJ's Decision is being affirmed.

## Legal Standard

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the Decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v.

Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence must be "more than a mere scintilla or touch of proof here and there in the record."  Williams, 859 F.2d at 258.  Therefore, absent legal error, this court may not set aside the Decision of the Commissioner if it is supported by substantial evidence.  See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); 42 U.S.C. § 405(g)("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Further, if the Commissioner's Decision is supported by substantial evidence, that Decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position.  See Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

## Discussion

The plaintiff points out that the ALJ relied heavily on Dr. Leveille's opinion that the plaintiff can do simple work in an isolated environment for two-hour periods in an eight-hour day and that he would have ***occasional*** problems with prolonged concentration and sustained pace due to anxiety.  The plaintiff notes that the vocational expert testified that being off task 10 percent of the time would render a person unemployable.

The court agrees with the Commissioner that the plaintiff has not provided evidence that the plaintiff would be off task 10 percent or more of the time. The plaintiff merely argues that the ALJ should have incorporated the off-task time into the Step 4 and Step 5 analyses. However, if a job provides "[n]ormal work breaks and meal periods", that would "split an eight hour workday into approximately two hour periods" and fall within the limitations noted by Dr. Leveille. Swain v. Colvin, No. 1:14-CV-869, 2017 WL 2472224, at *3 (W.D.N.Y. June 8, 2017) (citing SSR 96-9p (recognizing that an 8-hour workday may be broken up into two-hour intervals with a morning break, a lunch period, and an afternoon break)). The absence of any evidence that the plaintiff would be off task 10 percent or more of the time means his argument that he should have been found unemployable based on the vocational expert's testimony has no foundation in the record, and he raises no other serious challenge to the Commissioner's position that the ALJ's Step 4 and Step 5 conclusions are supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 22) is hereby GRANTED, and Plaintiff's Motion for Order

4

Reversing the Commissioner's Decision and for Judgment (Doc. No. 19) is hereby DENIED.

The Clerk shall enter Judgment accordingly and close this case. The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

It is so ordered.

Dated this 18th day of September 2018, at Hartford, Connecticut.

                                                /s/AWT
                                           Alvin W. Thompson
                                United States District Judge